Filed 4/30/15  P. v. Wilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061813 |
| v. | (Super.Ct.No. FVI1401646) |
| MICHAEL DARNELL WILSON, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  R. Glenn Yabuno, Judge.  Affirmed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Michael Darnell Wilson, Jr., guilty of petty theft with a prior theft conviction (Pen. Code, §§ 666, subd. (b), 484, subd. (a); count 1)[1] and second degree burglary (§ 459; count 2). In a bifurcated proceeding, the trial court found true that defendant had suffered two prior prison terms (§ 667.5) and one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Defendant was sentenced to a total term of six years in state prison with credit for time served. Defendant subsequently appealed from the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2014, defendant and an accomplice were seen placing hair products from a Wal-Mart store in a duffle bag and suitcase inside a shopping cart. They were also seen leaving the store with the shopping cart without paying for any of the merchandise. Once defendant exited the store, an asset protection officer stopped defendant and asked defendant to come with him. Defendant initially complied but then ran out of the store. Defendant was eventually detained by sheriff's deputies as he ran through the parking lot. The total value of the items taken was approximately $1,300.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

On July 14, 2014, a first amended information was filed charging defendant with petty theft with a prior theft conviction (§§ 666, subd. (b), 484, subd. (a); count 1) and second degree burglary (§ 459; count 2). The first amended information also alleged that defendant had suffered two prior prison terms (§ 667.5) and one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On July 21, 2014, a jury found defendant guilty of both charged offenses. On July 22, 2014, in a bifurcated proceeding, the trial court found true defendant's conviction allegations.

On August 29, 2014, after the trial court denied defendant's motion to dismiss his prior strike conviction, defendant was sentenced to a total term of six years in state prison with credit of 232 days for time served.

On September 2, 2014, defendant filed a timely notice of appeal.

On November 4, 2014, voters enacted Proposition 47, which became effective the next day. (Cal. Const., art. II, § 10, subd. (a).) The focus of Proposition 47 was to render a class of certain drug- and theft-related offenses that previously were felonies or "wobblers," misdemeanors, unless they were committed by certain ineligible defendants. Proposition 47 also created a new resentencing provision—section 1170.18—by which a person currently serving a felony sentence for an offense that is now a misdemeanor may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47. (§ 1170.18, subd. (a).)

On December 5, 2014, defendant filed a petition for resentencing pursuant to section 1170.18, subdivision (a). On January 9, 2015, the trial court granted defendant's petition for resentencing and vacated defendant's original sentence. The trial court also reduced counts 1 and 2 to misdemeanors, struck the prior conviction allegations, ordered defendant to serve 180 days in county jail, and awarded defendant 180 days of credit for time served. The trial court found defendant to have served his sentence and ordered his release. The trial court also exercised its discretion to not place defendant on parole or mandatory supervision, and ordered his fines, fees, and assessments vacated.

II

DISCUSSION

Defendant appealed from the judgment, and we appointed counsel to represent him on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable issues that would result in a disposition more favorable to defendant.

4

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


CODRINGTON
J.